## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| MELVIN BROWNLOW, ALENE BROWNLOW, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) Case No. 14 C 9390 ) |
| FANNIE MAE, et al., | ) ) ) |
| Defendants. | ) |

## MEMORANDUM ORDER

Everyone is entitled to his or her beliefs, whether in or out of the mainstream. And Haines v. Kerner, 404 U.S. 519 (1972) teaches that pro se pleadings are to be viewed through a more generous lens than those prepared by a trained lawyer.

But those generic principles do not spare from dismissal -- either from a determination of frivolousness, whether factual (see Denton v. Hernandez, 504 U.S. 25 (1992)) or legal (see Neitzke v. Williams, 490 U.S. 319 (1989)), or from a failure to satisfy the Twombly-Iqbal requirement of plausibility -- a complaint such as the one tendered in this action by pro se plaintiffs Melvin and Alene Brownlow (collectively "Brownlows"). With Brownlows having described themselves as "Special and Private Non-Statutory Citizens of the Illinois Territory," and with Melvin Brownlow having noticed up for presentment on December 2 what he has labeled as an "Exparte Bill in Demand in Special Assumpsit for Emergency Injunctive Relief" in support of Brownlows' "Petition for Declaratory Relief," each of those documents and their appendages set out a gobbledygook narrative that may have a meaning intelligible to those who

share the "sovereign citizen" views obviously held by Brownlows but that are not cognizable as a rational basis for federal judicial action.

That then plainly calls for the dismissal of Brownlows' self-prepared Complaint. But because they have paid the $400 filing fee contemporaneously with their filing of that Complaint, it would be unfair to dispatch the action itself without giving them an opportunity to advance a plausible and federally cognizable claim. Accordingly this memorandum order simply dismisses the Complaint, while this Court grants Brownlows until January 22, 2015 to file an appropriate Amended Complaint. If they were to fail to do so, this Court would be constrained to dismiss the action itself because of Brownlows' failure to have asserted a colorable claim coming within federal subject matter jurisdiction.

_____
Milton I. Shadur
Senior United States District Judge

Date: December 1, 2014