# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| MELVIN BROWNLOW, ALENE BROWNLOW, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) Case No. 14 C 9390 ) |
| FANNIE MAE, et al., | ) ) ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

This Court's brief December 1, 2014 memorandum order ("Order") addressed the legally inadequate effort by Melvin and Alene Brownlow (collectively "Brownlows") to craft a plausible federal pleading (one that they captioned "Exparte Bill in Demand in Special Assumpsit for Emergency Injunctive Relief"). Because Brownlows' work product attempted to place a figurative square peg into an equally figurative round hole by seeking to bring their unconventional perception of the universe within the scope of the fundamental federal jurisdictional principle that vests federal courts only with the powers that Congress has conferred upon them, and because Brownlows had already paid the $400 filing fee, the Order limited itself to dismissing their Petition for Declaratory Relief while keeping this action itself alive. Accordingly the Order concluded by granting Brownlows until January 22, 2015 "to file an appropriate Amended Complaint," failing which the Order said "this Court would be constrained to dismiss the action itself because of Brownlows' failure to have asserted a colorable claim coming within federal subject matter jurisdiction."

Brownlows have now responded with a set of January 7, 2015 filings that, whatever else may be said of them, clearly cannot qualify as "an appropriate Amended Complaint." In part

Brownlows continue their insistence in one of those filings that, despite listing themselves as plaintiffs in the case caption, they are instead acting as "sole beneficiary's [sic] and authorized agents of the legal estate titled "MELVIN AND ALENE BROWNLOW." But aside from Brownlows' attempted injection of their unconventional beliefs (an understatement) into a system that does not readily accommodate itself to someone who keeps a different pace "because he hears a different drummer,"[1] their substantive submissions in no way support their attempt to invoke federal subject matter jurisdiction here.

First, Brownlows have tendered a Lis Pendens Notice as to real estate commonly known as 2025 East 169th Place, South Holland, Illinois. That notice reflects its having been filed with the Cook County Recorder of Deeds. Nothing in that document bears at all on the propriety of the present action.

Second, Brownlows have also filed a notice, scheduled for presentment on January 22, of what they refer to as "An Action in the Nature of a Mandamus 28 U.S.C. 1361." It requires only a reading of that "Action" to see that Brownlows are asking this Court to invalidate obligations that have been imposed by the Illinois state courts under state law -- not at all the role of a federal court in the governmental structure created by the Framers. But it is obviously not within Brownlows' power thus to fashion a form of government different from that established by the United States Constitution.[2]

---

[1] This quotation is taken from Henry David Thoreau's <u>Walden</u> XVIII, Conclusion.

[2] Brownlows' concept of the universe (notably they list themselves in signing the notice and elsewhere in the currently tendered documents as "Special and Private Non-Statutory Citizens of the Illinois Territory" -- whatever <u>that</u> may mean) appears to prefer that they <u>would</u> have such unbridled power.

Indeed, Congress has expressly enacted this anti-injunction provision to protect against such federal judicial interference with state court judgments (28 U.S.C. § 2283):

> A court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments.

It would be truly extraordinary if this Court were thus precluded from entering a <u>negative</u> injunction barring the enforcement of a state judgment, while being permitted to issue a writ of mandamus -- a writ that would effectively compel <u>affirmative</u> action by the state court.

Third, what has gone before obviously dooms Brownlows' other current filing, which they have again labeled as "Exparte Bill in Demand in Special Assumpsit for Emergency Injunctive Relief" (the same label they previously attached to their December 2, 2014 presentment in attempted support of their then-filed "Petition for Declaratory Relief"). Again 28 U.S.C. § 2283 forecloses that attempt -- this time by its express language, rather than by triggering a negative inference from that language when it comes to a possible mandamus.

In summary, this action must be and is subject to dismissal for lack of subject matter jurisdiction. This Court so orders.

_____
Milton I. Shadur
Senior United States District Judge

Date: January 13, 2015